### John L. Thorn

*vs.*

### Commissioners of Washington County.

The commissioners appointed by *Chapter* 26 *of the Special Laws of* 1858, (*page* 135, *ib.*, 453,) were not required to make a statement of the expenses incurred, until the work, for the performance of which they were appointed, was finished ; and until the work was finished, and the statement made, no county liability accrued.

The making and opening of a road over which the public might legally pass, is a condition precedent to the right to recover against the counties through which it is laid, and the allegation that " ——— did and performed work and labor in the location, construction, opening out, surveying and planning said road," does not show that it has been opened or made passable.

This action was brought in the District Court for Washington county, to recover compensation for the labor and services of commissioners appointed " to locate and open out a road," under a special act of the legislature (*Special Laws* 1858, *p.* 135), and it comes to this Court, by appeal from an order overruling a demurrer to the complaint. The allegations of the complaint which are objected to as insufficient, appear in the opinion of the Court.

Wm. M. McCluer for Appellants.

Clagett & Crosby for Respondent.

*By the Court*—Wilson, Ch. J.—The special act of the

legislature under which the labor was performed, that is the basis of this action, appointed commissioners " to locate and open out " a road between given termini, and provided " That each county through which said road shall pass, shall pay the expenses incurred in locating and constructing that portion .of said road in each county respectively ;" and " that a statement of said expenses, so incurred, shall be made in writing by the said commissioners, which statement shall designate the amount of the same to be paid by each of said counties" &c. *Special Laws,* 1858, *p.* 135 ; *ib.*, 453. No " statement " was required until the *amount* of the expenses could be designated, and the counties became liable only on the making and filing of such " statement."

In other words, until the work for the performance of which the commissioners were appointed was finished, no county liability accrued, for before that time the amount of the expenses could not be determined. See the decision of this Court in this case, 7 *Minn.*, 150. There is no allegation in the complaint that the road has been opened, nor from the facts alleged can it reasonably be inferred that the commissioners opened, or had the legal right to open it. The only allegation in the complaint on this point is, that——— did, and performed work and labor " in the location, construction, opening out, surveying and planning" that portion of said road, &c.

This may be true, and no road have been opened. No provision was made by law for compensation to the owners of lands over which the road might be laid, and without such provision the commissioners had no authority to appropriate any land.

But, it is argued, that we are to presume that the owners of the lands assented to such appropriation. With just as much reason might we assume the existence of any other

fact essential to the plaintiff's right of action, for there is none less probable.  The making of a road over which the public might legally pass, was a condition precedent to the right to recover against this defendant, and the plaintiff, failing to allege the making of such road, cannot recover. We are not aware of any reason, or principle of law, on which the defendant is denied the right to urge any of these objections.  This is not officious intermeddling with questions in which it has no interest, but the interposition of a just defense, against a claim on which there is an attempt to hold it.  The claim is not a legal or valid one, unless the road has been opened for travel ; and any showing that it has not been so opened, is a proper matter of defense.  It is not for us here to say what is the plaintiff's remedy, but it is certain that this defendant should not be and can not be held, if the road, for the labor on which this action is brought, has not been made.

If the acts of the commissioners were illegal, or if the road was not opened, it would be equitable, perhaps, for the State to pay for the labor and services performed by innocent parties ; but it would be most unjust to impose such expense on the defendant, county, which has in such case received no more benefit than any other subdivision of the State.

Order reversed.